# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-cv-141-NJR ) ) |
| IDOC, WEXFORD HEALTH SOURCES, INC., DR. GARCIA, THAKUL MYERS, CHRISTINE BROWN, and UNKNOWN PARTY, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darren Wilson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent in treating injuries to his knees and refused to provide him with a knee brace. He asserts claims against the defendants under the Eighth Amendment as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On September 5, 2018, Plaintiff injured his left knee. He saw Dr. Myers for the injury, and an x-ray was ordered. The x-ray confirmed a broken knee. Despite being diagnosed with a broken knee, Dr. Myers refused to follow-up on the injury and denied Plaintiff medical treatment for the injury (Doc. 1, p. 5). A nurse practitioner later ordered an MRI for Plaintiff's knee, which Dr. Myers canceled. Plaintiff also alleges that Christine Brown was deliberately indifferent in treating his left knee by lying and telling Plaintiff that he would be seen by a specialist, receive physical therapy, and was approved for surgery when in actuality those procedures had been approved for his right knee, not his left. (*Id*.).

Plaintiff also alleges that he has received improper treatment for injuries to his right knee. He alleges that Dr. Garcia initially refused to send him to a specialist (Doc. 1, p. 8). In June 2018, he received physical therapy, but he could not bend his knee due to it being displaced and the physical therapist informed Dr. Myers that he should consider sending Plaintiff to a surgeon (*Id*. at p. 9). The surgeon found that Plaintiff had complications with his right knee since 2009, was now unable to bend his knee or leg, and that surgical options were limited. He was referred to a knee reconstruction specialist, but the specialist found that surgery would not be helpful at this point because the knee went untreated for ten years (*Id*.). The surgeon later wrote back that she would provide him with another medical opinion, but he has been refused a referral back to the surgeon (*Id*. at p. 10). On March 30, 2019, he fell, but Dr. Myers refused to provide him any treatment for the knee (*Id*. at p. 9).

Plaintiff also alleges that he is a qualified individual with a disability and was previously prescribed an immobilizer knee brace for his right knee. That brace was taken away from him in 2009, and he has tried to obtain another one from 2009 to 2019 to no avail. Because he does not have access to a knee brace, he has fallen and injured himself on numerous occasions. Plaintiff notes that he has now received the knee brace but went without it for a number of years because Defendants improperly denied his request for another brace (Doc. 1, p. 13).

**Preliminary Dismissals**

Although Plaintiff alleges that Wexford denied him treatment and follow-up visits with a specialist (Doc. 1, pp. 7 and 10), Wexford cannot be liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to identify any policy or practice of Wexford's that caused his constitutional deprivation. Accordingly, Wexford is **DISMISSED without prejudice**.

Plaintiff also identifies "other unknown agents and contractors of the IDOC" in the caption of his case but fails to refer to any unknown defendants in the body of his Complaint. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[1] Thus, all claims against "unknown agents and contractors" shall be **DISMISSED without prejudice**.

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued;

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** Thakul Myers and Christine Brown were deliberately indifferent in violation of the Eighth Amendment in threating the injury to Plaintiff's left knee.
>
> **Count 2:** Thakul Myers and Dr. Garcia were deliberately indifferent in violation of the Eighth Amendment in treating the injury to Plaintiff's right knee.
>
> **Count 3:** Defendants violated Plaintiff's rights under the ADA and/or RA by taking away and refusing to replace his immobilizer knee brace.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Counts 1 and 2**

At this stage, Plaintiff states viable claims in Counts 1 and 2 against the Defendants[3] for deliberate indifference in treating the injuries to his knees. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865

---

each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED.R.CIV.P. 4(e)-(j)).

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] The Court notes that Plaintiff filed a lawsuit against Dr. Garcia for the treatment of his right knee injury in 2012, *see Wilson v. Wexford Medical Sources, Inc.*, Case No. 12-cv- 1095-JBM, and Dr. Garcia was dismissed during that Court's threshold review (Case No. 12-cv-1095, Doc. 14). This may raise *res judicata* and/or statute of limitations issues, but the Court is unable to determine at this time whether Plaintiff's claims are barred based on the limited record. Thus, the Court will allow the claims to proceed at this early stage.

(7th Cir. 2012) (delay in treatment). But he cannot proceed with claims for monetary damages against them in their official capacities. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Further, to the extent that he seeks injunctive relief, the Court **ADDS** Robert Jeffreys, in his official capacity only, for purposes of implementing any relief awarded.

### Count 3

Plaintiff's allegations are also sufficient to articulate a colorable ADA and/or RA claim. Plaintiff's claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, is in the case in his official capacity only for purposes of Plaintiff's ADA/RA claim. The Court **DISMISSES without prejudice** IDOC as redundant to the director in his official capacity.

### Disposition

For the reasons stated above, Count 1 shall proceed against Thakul Myers and Christine Brown. Count 2 shall proceed against Myers and Dr. Garcia. Count 3 shall proceed against Rob Jeffreys (official capacity only). Rob Jeffreys is also added to the docket, in his official capacity only, for the purpose of implementing any injunctive relief awarded. IDOC, Wexford Health Sources, Inc., and unknown agents and contractors are **DISMISSED without prejudice,** and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendants Thakul Myers, Christine Brown, Dr. Garcia, and Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2020**

 

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**